UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICHARD ALLEN HUMPHREYS,

Petitioner,

v.

JOHN ASHCROFT, Attorney General, and
CONSTANCE REESE WARDEN,

Respondents.

Civil No. 02-310 (MJD/JMM)

ORDER

Petitioner, a federal prisoner, has filed an application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) However, contrary to the requirements of Rule 2(c) of The Rules Governing Section 2254 Cases in the United States District Courts[1] and Local Rule 9.3, Petitioner has not submitted his petition on the form prescribed for use in this District. As a result, his petition does not (i) provide necessary background information about reasons for his incarceration, (ii) clearly identify each specific claim for relief that he is attempting to advance, (iii) provide an adequate statement of the factual and legal grounds on which each claim is based, or (iv) adequately demonstrate that he has exhausted all of his available administrative remedies for each of his claims.

Because Plaintiff has failed to comply with the applicable federal and local rules, his petition will be returned to him pursuant to Rule 2(e).[2] Petitioner will be allowed

[1] Although Petitioner is seeking relief under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases may still be applied to his petition. See Rule 1(b).

[2] Rule 2(e) provides that "[i]f a petition received by the clerk of a district court does not substantially comply with the requirements of rule 2 or rule 3, it may be returned to the petitioner, if a judge of the court so directs, together with a statement of the reason for its return."

FILED FEB 0 8 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

to file an Amended Petition, but if he does so, he will have to (i) use the prescribed form, (ii) fill out the form accurately and completely, (iii) set forth the factual and legal bases for each separate ground for relief that he is advancing, (as required at section 9 of the form), and (iv) show that he has exhausted his administrative remedies for each individual claim listed in the petition.

Petitioner may submit a separate memorandum in support of his Amended Petition, (if he chooses to file one), but any such memorandum should refer to, and discuss, only those claims that are specifically listed in the Amended Petition itself. Any claim for relief appearing only in a memorandum, and not listed in the Amended Petition itself, will not be considered.

If Petitioner does not file an Amended Petition by March 1, 2002, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed without prejudice. Fed. R. Civ. P. 41(b).[3]

IT IS THEREFORE ORDERED THAT:

(1) Pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases in the United States Districts Courts, the Clerk of Court shall return the instant petition to Petitioner, together with a blank copy of the habeas corpus petition form that is to be used in this District for actions brought under 28 U.S.C. § 2241.

---

[3] Petitioner's submissions suggest that he may be seeking some type of mandamus relief, as well as a writ of habeas corpus. If Petitioner is seeking some relief other than an expedited release from custody, (which is the only relief available by writ of habeas corpus), he will have to seek such other relief in a separate, non-habeas, civil lawsuit. To commence such a lawsuit, he will have to file a civil complaint that meets the requirements of Fed. R. Civ. P. 7-11, (which set forth general federal pleading requirements), and Local Rule 9.3, (which requires prisoners to submit their pleadings on prescribed forms available from the Clerk of Court).

(2) The Clerk shall retain a copy of the original petition in the Court file, as required by Rule 2(e).

(3) Petitioner shall have until March 1, 2002, to file an entirely new petition to be captioned "AMENDED PETITION," which shall be submitted on the proper form and shall set forth, accurately and completely, all of the information that is required by that form and this Order.

(4) If Petitioner fails to comply with the requirements of this Order within the time allowed, it will be recommended that this action be summarily dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Dated: February 6, 2002

JOHN M. MASON
United States Magistrate Judge