UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

REVEREND ISRAEL ALLEN HUMPHREYS, CIVIL NO. 02-310 (MJD/JMM)

Plaintiff,

v. REPORT AND RECOMMENDATION

Warden CONSTANCE REESE,

Defendant.

Plaintiff, an inmate at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"), has filed a Complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 5.[1]) The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's Complaint fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b).

## I. BACKGROUND

Plaintiff alleges that he is a "licensed and ordained minister," and that prison officials at FMC-Rochester should therefore treat him with special "dignity" and "respect." He claims to have a constitutional right under the First Amendment to be addressed as

[1] Plaintiff commenced this action by filing a self-styled pleading entitled "Request for Habeus [sic] Writ And Mandumus [sic]," (Docket No. 1), which appeared to be an application for habeas corpus relief. That pleading was returned to Plaintiff, because it was not submitted on the prescribed habeas corpus petition form, as required by federal and local rules. (See Order dated February 6, 2002; [Docket No. 3].) Plaintiff was granted leave to file an amended habeas petition on the proper form, but he chose instead to file the Civil Rights Complaint that is now before the Court.

FILED MAR 07 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

"Reverend," and he claims that this right has been violated during the course of his confinement at FMC-Rochester. He is seeking court affirmation of his alleged First Amendment rights by suing Constance Reese, the Warden at FMC-Rochester. In his statement of relief requested, Plaintiff says that he wants the Court to determine whether inmate ministers at FMC-Rochester are "being treated with dignity and respectful consideration." (Complaint, [Docket No. 5], § V.) As far as the Court can tell, he wants Defendant (and presumably other prison officials as well) to be compelled by court order to identify him, and address him, by the name appearing in the caption of his Complaint – "Reverend Israel Allen Humphreys."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a government employee, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1). The Court finds that the present action must be dismissed pursuant to § 1915A(b)(1), because Plaintiff has failed to state a cause of action on which relief can be granted.

Plaintiff has failed to plead an actionable claim, because he has no constitutional right, under the First Amendment or otherwise, to be identified by any name

other than his legal name. He has a right to change his legal name for religious purposes, and he has a right to be identified by that name (i.e., his current legal name) for prison administration purposes. See Salaam v. Lockhart, 905 F.2d 1168, 1173-75 (8th Cir. 1990), cert. denied, 498 U.S. 1026 (1991). He does not, however, have a constitutional right to be identified by any appellation that he may designate from time to time. He is constitutionally entitled only to be identified by his legal name, and if he wants to change his legal name, he must fulfill the name-change formalities prescribed by law. "A prisoner who has adopted a new name, for religious or any other reasons, but has not legally changed his name, cannot sustain a claim that his right to religious freedom is violated when prison officials fail to recognize his new name." Rahman v. Stephenson, 626 F. Supp. 886, 888 (M.D. Tenn. 1986). See also Salahuddin v. Coughlin, 591 F. Supp. 353, 359 (S.D.N.Y. 1984) ("[c]ommon law name change, even for religious purposes, is among the rights" that a person loses when he is sent to prison); Azeez v. Fairman, 795 F.2d 1296, 1301 (7th Cir. 1986) (any deprivation of First Amendment rights resulting from prison officials' refusal to use prisoner's common law religious name "was very slight and was outweighed by the benefits in security and good order from insisting that prisoners who want their new names recognized by the prison authorities follow... the simple statutory procedure which [the state] provides for changing one's name").

Because Plaintiff has failed to state a claim on which relief can be granted, it is recommended that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1), and that the dismissal of this action should count as a "strike" against

Plaintiff for purposes of 28 U.S.C. § 1915(g).[2] It follows that Plaintiff's request for leave to proceed in forma pauperis, (Docket No. 2), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff remains liable for the unpaid balance of the $150 filing fee.[3] He has not paid any part of the fee to date, so he still owes the full $150 at this time. Prison officials at FMC-Rochester must deduct that amount from Plaintiff's institutional trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

---

[2] The Court notes that Plaintiff has filed a collateral motion entitled "Request for Writ or hearing subject under 02-310 MJD/JMM." (Docket No. 4.) Given the Court's recommendation that this action be dismissed because no actionable claim has been pleaded, it is also recommended that Plaintiff's collateral motion be summarily denied.

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**IT IS RECOMMENDED** that:

1. This action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1);

2. Plaintiff's motion entitled "Request for Writ or hearing subject under 02-310 MJD/JMM," (Docket No. 4), be denied;

3. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be denied;

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $150, in accordance with 28 U.S.C. § 1915(b)(2); and

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: March 7, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before March 22, 2002, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.